UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

L.C.,

Plaintiff,

v.

WELDON MARC GILBERT,

Defendant.

Case No. C09-5586 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS

This matter comes before the Court on Defendant Weldon Marc Gilbert's motion for an order staying this action until the concurrent criminal action in Pierce County Superior Court has concluded. In the alternative, Defendant requests that the Court stay any and all discovery as it relates to Mr. Gilbert until the concurrent criminal action has been concluded.

The Court, having reviewed the motion, response and record herein, is fully informed and grants the motion to stay this action.

**I. INTRODUCTION AND BACKGROUND**

Plaintiff L.C. has brought this civil suit against Defendant Gilbert asserting Gilbert sexually and physically assaulted Plaintiff on multiple occasions commencing in approximately 1999. On April 23, 2009, Gilbert pled guilty in federal court *(U.S. v. Gilbert*, Case No. CR07-5732BHS) to thirty-five counts, including thirty-one counts of Sexual Exploitation of a Minor in the Production of Child Pornography, a portion of which involved

his activity with Plaintiff L.C. He also pled guilty to two counts of Transportation of a Minor to Engage in Illegal Sexual Activity, and two counts of Obstruction of Justice involving conduct with persons other than Plaintiff.

On November 20, 2009, Defendant Gilbert pled guilty in Pierce County Superior Court to two counts of Child Molestation in the First Degree and nine counts of Sexual Exploitation of a Minor. On January 12, 2010, Gilbert withdrew his guilty plea in Pierce County Superior Court. On March 12, 2010, the state filed an amended information for six counts of Rape of a Child, and seven counts of Child Molestation. None of these charges involve conduct with Plaintiff. The state has also charged Gilbert with one count of Possession of Depictions of Minor Engaged in Sexually Explicit Conduct. The state relies on depictions not part of the federal prosecution to support its one count of Possession of Depictions of a Minor in Sexually Explicit Conduct.

As part of the prosecution of Gilbert in federal court (Case No. CR07-5732BHS), the government seized property that was used in commission of the crimes. Under the terms of the plea agreement with the federal government, Gilbert agreed to forfeiture of that property. The property will be sold and the proceeds made available for restitution claims as deemed appropriate by the Court. A restitution hearing is scheduled for June 21, 2010.

Defendant requests that this civil proceeding be stayed in order to protect Defendant's Fifth Amendment rights against self-incrimination and also to allow Defendant to focus on his defense in the criminal case in Pierce County, currently set for trial on June 21, 2010.

## II. DISCUSSION

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995); *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable. Keating, 45 F.3d at 324. Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice require such action. Id.

The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case and the extent to which a defendant's Fifth Amendment rights are implicated. *Keating*, 45 F.3d at 324; *Molinaro*, 889 F.2d at 902. Additional factors courts consider include: (1) the interest of a plaintiff in proceeding expeditiously with litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on a defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Defendant's motion to stay turns upon the extent to which his Fifth Amendment rights are implicated in the civil action. When simultaneous civil and criminal proceedings involve "the same or closely related facts," Fifth Amendment concerns may be sufficient to warrant a stay. *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007). Some courts have gone so far as to recognize the extent of the overlap as the "most important factor." *Id.*, at 1039. In this case, there is no dispute that both actions arise from the "same nucleus of facts" pertaining to Defendant's sexual molestation of minors. This aspect of the analysis favors Defendant.

Plaintiff, however, asserts that the criminal charges do not involve Plaintiff and thus there is no overlap in issues and no Fifth Amendment implication. The Court finds this

argument unpersuasive. The state criminal prosecution involves the same occurrences that gave rise to Plaintiff's civil action: sexual exploitation of a minor. There is an overlap of issues and a danger of self-incrimination if Defendant is forced to disclose information, documents, witness information and testimony in the civil action while the criminal proceeding is pending.

Plaintiff will not be substantially prejudiced by a stay of proceedings. Staying the civil proceedings until the criminal action is completed may actually expedite the Plaintiff's case in the civil action, as there will likely be a more limited need for discovery after the criminal action.

Plaintiff argues that a stay is unwarranted because it will be more difficult to recover losses if the case is stayed. Plaintiff fails to set forth any evidence beyond mere speculation and argument that a delay in the civil case will make it more likely that the Plaintiff will be unable to collect on a judgment. Further, as part of the plea agreement in the federal criminal action, Gilbert stipulated to the forfeiture of personal property, including real estate, automobiles, a boat, a plane and a helicopter. The forfeited property will be sold by the U.S. Marshal, and the proceeds placed into a victims' fund. Defendant Gilbert has agreed to the forfeiture in order to provide a source of recovery for all claimants, including Plaintiff in this case. The plaintiffs that have commenced civil actions against Gilbert in state court have had their proceedings stayed pending the criminal prosecution. If a plaintiff proceeds independently, the first plaintiff to obtain judgment against Defendant may deplete all available resources, therefore leaving no recovery for plaintiffs that have had their actions stayed, regardless of the extent of the damages. Therefore, this case should be stayed in order to allow all plaintiffs to proceed concurrently with their claims against the victims' fund.

There would be no detrimental effect on the convenience or efficiency of this Court to stay the proceeding until the conclusion of the criminal action. This case is in the early stages of litigation, with a trial date of March 7, 2011. Staying the case makes efficient use of judicial resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.

Further, the public interest is served by a stay in this matter. The public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant. Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D. N.Y. 2003). With respect to non-parties to this action, the plaintiffs, or potential plaintiffs, in the state court civil actions against Gilbert will not be burdened by the grant of a stay in this action. In fact, a stay places the federal Plaintiff and state court plaintiffs on a more equal footing.

## III. CONCLUSION

For the above stated reasons, Defendant is entitled to a stay of this action pending resolution of the state criminal proceeding against him.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Stay Proceedings (Dkt. 17) is **GRANTED**. This case is hereby **STAYED** until the criminal action in Pierce County Superior Court, Cause No. 07-1-05618-3, has been concluded.

DATED this 21st day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge