1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

L.C.,

                    Plaintiff,

        v.

WELDON MARC GILBERT,

                    Defendant.

Case No. C09-5586BHS

ORDER GRANTING MOTION
FOR PARTIAL LIFT OF STAY
AND FOR WRIT OF
ATTACHMENT

        This matter comes before the Court on Plaintiff's Motion for a Partial Lift of Stay and

Writ of Attachment (Dkt. 24).  The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby grants the motion

for the reasons stated herein.

## I.  INTRODUCTION AND BACKGROUND

        Plaintiff L.C. moves this Court for a partial lift of the stay entered on April 21, 2010

to obtain a prejudgment Writ of Attachment and Garnishment pursuant to FRCP 64(a),

RCW 6.25 et seq. and RCW 6.26 et seq.  L.C. seeks to attach and garnish real and personal

properties owned by Defendant Weldon Marc Gilbert ("Gilbert") who has been convicted

and sentenced to 25 years in federal prison for the sexual abuse of minor children, including

L.C.  L.C. further moves the Court pursuant to RCW 6.25.170 for an order directing Gilbert,

ORDER – 1

1  and other relevant witnesses, to disclose all assets through both oral examination and

2  through answers to written interrogatories.

3              **II. WRITS OF ATTACHMENT AND PREJUDGED GARNISHMENT**

4         Pursuant to Fed. R. Civ. P. 64, every remedy available under state law for seizing a

5  person or property to secure satisfaction of a potential judgment is available to a federal

6  court litigant, including attachment and garnishment.  Under Washington law, prejudgment

7  attachment is governed by RCW 6.25 et seq., and prejudgment garnishment is governed by

8  RCW 6.26 et seq.  Both statutes expressly provide that a claimant is entitled to a

9  prejudgment writ of attachment and garnishment in order to obtain security for satisfaction

10 of any judgment the claimant may recover.  In order to prevail on a motion for issuance of a

11 prejudgment writ of attachment and/or garnishment, a claimant must establish two elements:

12 (1) that there is probable cause to believe that the alleged statutory ground for attachment

13 and/or garnishment exists; and (2) the probable validity of the claim sued on.  RCW

14 6.25.070(1) and RCW 6.26.060(1).

15        Washington law, RCW 6.25.030, provides for the issuance of a writ of attachment

16 and prejudgment writ of garnishment for damages arising from the commission of a felony.

17 RCW 6.25.030 and RCW 6.26.010.

18        L.C. has proven the probable validity of his claims.  He was sexually abused by

19 Gilbert.  Gilbert was prosecuted and sentenced for his crimes. Liability is not in dispute.

20        Prior to issuance of a prejudgment writ of attachment and/or garnishment, a claimant

21 must post a bond.  RCW 6.25.080 and RCW 6.26.020.  The purpose of the bond is to

22 provide a fund from which a party may seek payment in the event the writ of attachment is

23 wrongfully, oppressively, or maliciously sued out; or in the event the writ of garnishment is

24 wrongfully or maliciously sued out.  A bond amount of $500 is appropriate under the facts

25 and circumstances of this case.  In the instant case, good cause exists for the Court to

26 exercise its authorized discretion to fix a nominal bond amount by virtue of the nature of

27

28 ORDER – 2

L.C.'s claims and Gilbert's lack of a meritorious defense.  This is the amount also being requested by the state court plaintiffs for their writs of attachment.

Washington law further permits the Court to order Gilbert and other relevant witnesses to answer, under oath, questions by both oral examination and interrogatories, about Gilbert's respective assets such that Gilbert shall disclose all assets owned.  See RCW 6.25.170.  The Court, nonetheless, finds that during the pendency of his state criminal proceedings it would be inappropriate to require Gilbert to be subject to deposition and/or written discovery concerning these issues.  *See* Order Granting Defendant's Motion for Stay of Proceedings (Dkt. 23).

### III.  ORDER

Accordingly, it is hereby **ORDERED** that the Clerk shall issue a writ of attachment and garnishment in the amount of $500,000 on both the real and personal property of Gilbert.  The bond for these writs is set at $500.  Relevant witnesses shall disclose all assets and cooperate with answering questions about such assets through oral examination and by answering written discovery.  Pending the resolution of the criminal proceedings in Pierce County Superior Court, Cause No. 07-1-05618-3, or further order of the Court, Gilbert shall not be deposed on these issues, nor written discovery issued to him.

DATED this 30th day of June, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 3